UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY A. CADY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
________________________________/

Case No. 1:25-cv-901

HON. JANE M. BECKERING

**OPINION AND ORDER**

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court affirm the Commissioner's decision to deny Plaintiff's claim for Supplemental Security Income (SSI). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 18). In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

Plaintiff presented a single challenge to the Commissioner's decision. Plaintiff argued that the Administrative Law Judge (ALJ) failed to properly consider the opinion of Brianna Eisaman, D.O., her treating physician. The Magistrate Judge rejected Plaintiff's argument. The Magistrate Judge determined that the ALJ properly considered Dr. Eisaman's opinion, indicating that the ALJ specifically found Dr. Eisman's opinion unpersuasive due to (1) "inconsistencies with the

significant progress that [Plaintiff] had made since her 2021 rehabilitation stay and her activities of daily living," and (2) inconsistency with Dr. Eisman's own treating notes (R&R, ECF No. 17 at PageID.1743, 1746–1749). The Magistrate Judge ultimately concluded that the ALJ did not commit legal error and that substantial evidence exists to support the ALJ's decision (*id.* at PageID.1750).

In her objections, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ satisfied the articulation requirement because evidence in the record contradicts "the ALJ's assertion that [Plaintiff's] impairments had been *completely* resolved after her release from the facility" (Objs., ECF No. 18 at PageID.1751–1753) (emphasis in briefing). Plaintiff's argument is misplaced. As the Commissioner ably set forth in briefing, the ALJ made no such finding that Plaintiff's impairments had "completely resolved" (ECF No. 15 at PageID.1732). Instead, the ALJ recognized that Plaintiff continued to experience symptoms and crafted a restricted RFC that limited Plaintiff to a range of light work, the second lowest of the agency's five exertional levels (*id.*, citing 20 C.F.R. § 416.967 (defining the exertional levels)). The ALJ did not contend that Plaintiff's impairments had been "completely resolved," only that she has made "significant progress" (R&R, ECF No. 15 at PageID.1728). Plaintiff's argument reveals no factual or legal error by the Magistrate Judge. Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 18) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 17) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.

Dated: August 11, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge